JANVIER, Judge.
At about 10:30 o’clock on the night of February 3, 1957, there was an automobile collision in the intersection of Iberville Street and the river side driveway of North Rampart Street, in New Orleans. This litigation results from that accident.
Donald Simoneaux was driving the car of his father, Harry Simoneaux, in a downtown direction on Rampart Street, having just left Canal Street, and the defendant, O’Neal P. Guitroz, was operating his car on Iberville Street, attempting to cross the roadway on which the Simoneaux car was approaching. The two cars collided in the intersection and both were damaged.
Harry Simoneaux had secured from Washington Fire & Marine Insurance Company a policy of collision insurance. Under this policy the insurance company agreed to pay for all automobile repairs made necessary by collision except that the owner of the policy must pay $50 thereof. As a result Simoneaux paid $50 on account of the repair bill and the insurance company paid the balance, to-wit $430.84.
The said insurance company and Simon-eaux then jointly brought this suit against the owner and operator of the other car, O’Neal P. Guitroz.
Guitroz denied all liability and, by recon-ventional demand, claimed of Simoneaux $250, alleging that to be the cost of repairing the damage sustained by his automobile.
It is conceded that, if there is liability in Guitroz, the amount recovered should be $50 on behalf of plaintiff Simoneaux and $430.84 on behalf of Washington Fire & Marine Insurance Company. It was also *224 conceded that, should Guitroz be entitled to recover, the judgment in his favor as plaintiff in reconvention should be $250.
There was judgment dismissing both the main and the reconventional demands and Simoneaux and Washington Fire & Marine Insurance Company have appealed.
As young Simoneaux, operating his father’s car in a downtown direction on Rampart Street, approached the intersection of Iberville Street, the car of Guitroz, driven by him in an uptown direction on the other side of Rampart Street, turned to its left across the neutral ground, and suddenly emerged in the other roadway immediately in front of the Simoneaux car.
Guitroz says that he stopped with his car in the neutral ground and, looking towards Canal Street, saw no vehicles whatever approaching the intersection and therefore entered the intersection feeling that there could be no collision with any other car. His testimony shows conclusively that he did not look before entering the roadway on which Simoneaux’ car was approaching at a very slow speed. When asked why he did not see the Simoneaux car approaching, he said:
“It wasn’t there. There wasn’t nothing even in sight. It might have been, maybe, toward Canal Street, crossing Canal Street, but it wasn’t even in sight of my eyes.”
Canal Street was a full block away from the point at which the accident occurred and of course it is obvious that the Simoneaux car was in sight and could easily have been seen had Guitroz looked.
The evidence conclusively shows that Guitroz drove his car into the intersection immediately in front of the Simoneaux car when the latter was so close that it could not be brought to a stop.
We find no fault whatever in young Simoneaux. It cannot be said that he was guilty of contributory negligence.
The judgment appealed from, insofar as it dismisses the suit of plaintiffs, is annulled, avoided and reversed and there is now judgment in favor of Harry Simo-neaux and against O’Neal P. Guitroz in the sum of $50, and in favor of Washington Fire & Marine Insurance Company in the sum qf $430.84, with interest from judicial demand; in all other respects the judgment appealed from is affirmed, defendant Guitroz to pay all costs.
Reversed in part.
Affirmed in part.